**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:  1:13-cv-02587-WJM-KMT


DANNY W. THOMAS, and
JACK THOMAS,

        Plaintiffs,

v.

CUMMINS INC.,

        Defendant.

_____

**PROTECTIVE ORDER**
_____

Upon unopposed motion by Defendant Cummins Inc. ("Cummins") pursuant to Fed.R.Civ.P. 26(c), for entry of a protective order to protect the parties from the disclosure of a trade secret or other confidential and sensitive information which may be contained in documents and information produced by the parties in response to pretrial discovery requests and otherwise, and for good cause shown, it is hereby

**ORDERED:**

1.    In connection with the discovery proceedings in this action, the parties or non-party witnesses may designate as CONFIDENTIAL any document, thing, material, testimony, or other information derived therefrom which the party believes in good faith discloses confidential or proprietary information (hereinafter "Confidential Material") under the terms of this Protective Order (hereinafter "Order"). Confidential Material includes commercial, financial and technical information, and transcripts of oral testimony and answers to interrogatories that include any of the foregoing types of

information. The parties submit this list of examples of Confidential Material to provide the Court with a sufficient factual basis for the instant Protective Order. By providing this list, the parties do not consent at this time that all of the categorized documents will require such a designation. Further, the parties agree that there may be other categories of documents that warrant a CONFIDENTIAL designation.

2.     Confidential Material shall be so designated by stamping copies of each page of each document produced to a party with the legend CONFIDENTIAL as is appropriate. Any claim of confidentiality shall be made at the time the document or copy is produced. If, at the time of disclosure, a disclosing party inadvertently fails to mark a document which it considers to contain Confidential Material, the disclosing party may give written notice to the receiving party of the omission, and the receiving party shall treat the document as CONFIDENTIAL, as designated by the disclosing party, from the date of notice onward. The receiving party shall take reasonable steps to retrieve such inadvertently marked documents from persons to whom the receiving party provided the documents prior to receiving the notice of the omission, and take reasonable steps to prevent further dissemination of that information. Documents to be inspected may be designated as CONFIDENTIAL at the time of inspection, and in the absence of such designation shall be treated as Confidential Material during inspection. Such inspected documents shall be stamped CONFIDENTIAL no later than at the time copies are provided to the receiving party.

During discovery in this case, Cummins has inadvertently produced an e-mail from Joshua Daugherty to Lon Gersten dated December 10, 2012 (the "E-mail") that

contains some confidential, trade secret information of Cummins. On July 23, 2014, counsel for Cummins notified counsel for Plaintiffs of the inadvertent disclosure, and the parties agreed to treat the proprietary information contained in the E-mail as Confidential Material for purposes of the then-pending depositions until Cummins could move this Court for the issuance of a protective order. The documents produced by Cummins that contain the E-mail, and, thus, confidential, trade secret information of Cummins, are labeled as:

C-THOM001156-1157
C-THOM001208-1209
C-THOM001259-1260
C-THOM001266
C-THOM001272
C-THOM001275-1276
C-THOM001295-1296
C-THOM001341
C-THOM001347
C-THOM001353-1354
C-THOM001372-1373

Cummins shall re-produce the above-referenced documents to Plaintiffs with a CONFIDENTIAL designation. Plaintiffs shall destroy, or return to Cummins' counsel, all copies of such documents that are not marked as CONFIDENTIAL and shall confirm such destruction to Cummins' counsel.

3.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as

CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for ht disputed information to be treated as CONFIDENTIAL.

4.    Testimony taken at a deposition may be designated as containing Confidential Material by either making a statement to that effect on the record at the deposition or other proceeding, in which case the court reporter taking and transcribing such proceeding will bind such portions of the transcript containing Confidential Material and label such portions appropriately as CONFIDENTIAL, or by giving written notice to all counsel of record within ten (10) business days after a deposition transcript is received by the deponent or his counsel. The testimony and the transcript of that testimony are to be treated as CONFIDENTIAL until ten (10) business days after receipt of the transcript by counsel for the disclosing party. At that time, the transcript, to the extent not otherwise designated as CONFIDENTIAL during the course of the deposition or thereafter in a writing served on other counsel, shall be considered non-confidential.

Notwithstanding the treatment of any transcript of testimony as CONFIDENTIAL

for the period as set forth above, any party representatives and other qualified persons may attend a deposition until such time as the deposition proceeding is designated CONFIDENTIAL, and thereafter the portions of the deposition proceeding so designated shall be conducted only in the presence of qualified persons as established under Paragraphs 6-11 herein.

5.      Confidential Material designated under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part therefrom shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6.      Confidential Material produced pursuant to this Order designated as CONFIDENTIAL may be disclosed or made available only to the judge, to outside trial counsel for a party (including the paralegal, clerical, and secretarial staff employed by such outside trial counsel), and to each "qualified person" designated below:

(a)     Any party who is an individual;

(b)     No more than 3 officers of a corporate party who are deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(c)     Outside experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(d)     Court reporter(s) employed in this action; and

(e)     Any other person as to whom the parties agree in writing.

Prior to receiving any Confidential Material, each "qualified person" defined in (a), (b), and (e) above shall be provided with a copy of this Order and shall agree to be

bound by the terms of the Order by signing a Nondisclosure Agreement in the form annexed hereto as Exhibit A prior to such person receiving any Confidential Material and which shall be kept by counsel for reference should such be necessary.

8.      The designation of any document as CONFIDENTIAL shall not preclude any party from showing the document to any person: (a) who appears as the author or as an addressee on the face of the document, or (b) who has been identified by the designating party as having been provided with the document prior to the date of execution of this Order by all parties. However, such persons may not retain any Confidential Material or copies thereof.

9.      Designation of information as CONFIDENTIAL by the  producing  party shall not prevent the receiving party from using such Confidential Material at any trial or hearing, and nothing in this Order shall preclude the judge or any certified court reporter retained to transcribe depositions in this case from access to Confidential Material designated as CONFIDENTIAL during court proceedings or depositions in this action.

10.     Nothing contained in this Order shall affect the right of any designating party to disclose or use for any purpose the documents or information it produced and designated as CONFIDENTIAL. This Order shall not limit or affect the rights of any party to use or disclose any NON-CONFIDENTIAL material or thing that has been obtained through, or derived as a result of, this litigation.

11.     Nothing in this order shall preclude any Party to the action, its attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is

lawfully obtained from a third party having the right to disclose such information or from public sources, even though the same information or documents may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL material.

12.     This Order shall be without prejudice to the right of the parties: (a) to bring before the judge at any time the question of whether any particular document or information contains Confidential Material or whether its use should be restricted, or (b) to present a motion to the judge for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action and third-parties without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

14.     The unintentional production of Confidential Material by a producing party (regardless of whether the information was so designated at the time of disclosure) shall not be deemed a waiver in whole or part of a party's claim of confidentiality, either as to the specific information disclosed or any other related information.

This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and a party may seek leave to reopen the case to enforce the provisions.

15.     Within thirty (30) days after the conclusion of the lawsuit, counsel for the parties shall assemble and return to each other and third-parties all copies of documents, materials, and deposition transcripts designated as containing Confidential Material, or certify their destruction. However, outside trial counsel may retain intact an archival file copy of any pleading, exhibit, deposition, or trial testimony transcript that includes or references Confidential Material.

**IT IS SO ORDERED.**

Dated: <u>August 19, 2014</u>                    By the Court:

Kathleen M. Tafoya
United States Magistrate Judge

APPROVED:

LATHROP & GAGE, LLP

*/s/Rebecca J. McMahon*
James E. Dallner, #36842
950 17th Street, Suite 2400
Denver, Colorado  80202
Tel: (720) 931-3200
Fax: (720) 931-3201
Email: *jdallner@lathropgage.com*

J.A. (Jay) Felton
Rebecca J. McMahon
2345 Grand Blvd., Suite 2200
Kansas City, Missouri 64108
Tel:  (816) 292-2000
Fax: (816) 292-2001
Email:  *jfelton@lathropgage.com*
          *rmcmahon@lathropgage.com*

Attorneys for DEFENDANT Cummins inc.

and


GOODREID GRANT & KUHN LLC


_____
Thomas E. Goodreid
Paul Grant
1801 Broadway, Suite 1100
Denver, CO 80202
Telephone:  303.296.2084
E-mail: tgoodreid@ggklaw.com
          pgrant@ggklaw.com

ATTORNEYS FOR PLAINTIFF

## EXHIBIT A

## NONDISCLOSURE AGREEMENT

I,_____, do solemnly

swear that I am fully familiar with the terms of the Protective Order entered in *Danny*

*Thomas and Jack Thomas v. Cummins Inc., Case No.* 1:13-cv-02587-WJM-KMT, and

hereby agree to comply with and be bound by the terms and conditions of said

Protective Order unless and until modified by further order of the Court.


Signed: _____

Dated:_____