**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2587-WJM-KMT

DANNY W. THOMAS, and
JACK THOMAS,

    Plaintiffs,

v.

CUMMINS ENGINE COMPANY, INC., a foreign corporation d/b/a CUMMINS, INC.,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Plaintiffs Danny and Jack Thomas bring this action against Defendant Cummins Engine Company, Inc. arising out of their purchase of a recreational vehicle. (ECF No. 1.) On July 9, 2014, Defendant filed its Motion for Summary Judgment ("Motion"), which is now before the Court. (ECF No. 34.) Plaintiffs have filed their Response, and Defendant filed a Reply. (ECF Nos. 45 & 53.) For the reasons set forth below, the Motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiffs purchased a motor coach from Newmar Corporation in the fall of 2007 ("the RV"). (ECF No. 34 at 3.) Defendant manufactured the RV's engine, and provided Plaintiffs a five-year warranty for "any failures of the engine which result, under normal use and service, from a defect in material or factory workmanship." (*Id*.) In January 2013, Defendant extended the original five-year warranty for an additional two years.

(ECF No. 45 at 6-7.)

From 2008 through the summer of 2013, the RV's engine repeatedly overheated, required replacement parts, or shut down during Plaintiffs' use of the RV. (ECF No. 45-8.) Defendant's authorized repair facility, Cummins Rocky Mountain ("CRM"), unsuccessfully attempted to repair the RV each time an issue with the engine arose. (*Id.*) All of the repairs performed by CRM were covered by the engine warranty provided by Defendant. (*Id.*) CRM conducted its final repair attempt in January 2013, and Plaintiffs believed the engine was fixed at that time. (*Id.*) However, the RV subsequently broke down; Plaintiffs did not seek further repairs, and instead filed this action for breach of warranty on September 20, 2013. (ECF Nos. 3 & 45-8.) Plaintiffs seek consequential damages in the amount of $453,785.40, which includes the purchase price of the RV, all interest that will accrue on the loan used for the purchase of the RV, and add-ons to the RV.[1] (ECF No. 34 at 5.)

## II.  LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute regarding a material fact depends upon whether the evidence presents a sufficient disagreement as to require submission to a jury or, conversely, is so one-sided that one

---

[1] Defendant asserts that the "add-ons" include "a special king size bed, solar panels, internet hookup, vacuum cleaner and an olive wood eagle head glued to the wall of the [RV]." (ECF No. 34 at 2.)

party must prevail as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense, and a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party.  *Anderson*, 477 U.S. at 248. The Court must examine the facts in the light most favorable to the nonmoving party, and resolve factual ambiguities against the moving party.  *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).  The summary judgment standard thus favors a right to trial.  *See id.*

### III.  ANALYSIS

The parties agree that this action involves the sale of goods and is therefore governed by Article 2 of the Uniform Commercial Code ("UCC").  (ECF Nos. 34 at 6 & 45 at 8.)  In the instant Motion, Defendant raises two arguments: (1) Plaintiffs' breach of warranty claim is barred by the applicable statute of limitations contained in Colorado Revised Statute § 4-2-725; and (2) even if Plaintiffs' claim is not time barred, Plaintiffs are precluded as a matter of law from recovering the damages they seek.  (ECF No. 34 at 6-8.)  The Court discusses each issue below.

**A.    Statute of Limitations**

Plaintiffs' Complaint asserts breach of warranty as the single cause of action against Defendant.  (ECF No. 3.)  A breach of warranty action must be commenced within three years after the cause of action accrues.  Colo. Rev. Stat. § 13-80-101.  A "cause of action accrues when the breach occurs," and a "breach of warranty occurs

when tender of delivery is made." Colo. Rev. Stat. § 4-2-725.  Defendant argues that, because Plaintiffs purchased the RV in September 2007, the action must have been filed by September 2010 to be considered timely.  (ECF No. 34 at 6.)  Plaintiffs commenced this action in January 2013.  (ECF No. 1.)

In response, Plaintiffs argue that the common law "repair doctrine" tolled the statute of limitations in this matter.  (ECF No. 45 at 10.)  The repair doctrine provides:

> [T]he limitations period on breach of contract and breach of warranty claims is tolled from the time a seller undertakes efforts to repair the defective goods until the time it abandons those efforts where: (1) the seller either expressly or impliedly promises or represents that such repairs will remedy such defect; and (2) the buyer reasonably relies upon such promise or representation and, as a result, does not institute legal action against the seller.

*Curragh Queensland Min. Ltd. v. Dresser Indus., Inc*., 55 P.3d 235, 239 (Colo. App. 2002).

Defendant contends that the repair doctrine does not apply in this case because the limitations period had already expired before Defendant undertook any efforts to repair the engine.  (ECF No. 53 at 13.)  Defendant notes that CRM or other repair facilities attempted to repair the engine from 2008 through 2013, and that the repair was not escalated to Jeremy Taylor, an employee of Defendant, until September 2012.  (*Id*. at 13-15.)  Thus, Defendant argues that it only became involved in attempting to repair the engine in September 2012, after the statute of limitations had expired.  (*Id*. at 15.)

The Court finds that the repairs attempted by CRM and the other repair facilities from 2008 through 2013 can be imputed to Defendant using general agency principles.  As a general rule, "[a]n agent can make his principal responsible for his actions if he is

acting pursuant to either actual or apparent authority, regardless of whether the principal has knowledge of the agent's conduct." *Willey v. Mayer*, 876 P.2d 1260, 1264 (Colo. 1994). Actual express authority "exists whenever the principal directly states that its agent has the authority to perform a particular act on the principal's behalf." *Id*.

Here, Defendant provided its agents, including CRM, express authority to act under its warranty and carry out repairs of its engines. The engine warranty provided by Defendant states:

> Before the expiration of the applicable warranty, Owner must notify a Cummins distributor, authorized dealer or other repair location approved by Cummins of any Warrantable Failure and make the engine available for repair by such facility. . . . Owner must also deliver the engine to the repair facility.

(ECF No. 34-2 at 2.) The record indicates that CRM was an approved facility that Defendant authorized to perform repairs on its behalf. (*Compare* ECF No. 45 at 4-7, *with* ECF No. 53 at 4-9.) CRM operated, and was paid, under Defendant's warranty for repairs to the RV from 2008 through 2013. (*Id.*) CRM therefore had actual express authority to act as Defendant's agent in all matters related to the repair of the RV's engine. Accordingly, the Court finds that Defendant is responsible for CRM's actions and representations in attempting to repair the RV's engine from 2008 onward. Thus, the Court finds that Defendant was involved with repairs of the RV during the limitations period.

Defendant next argues that it never made any representations to Plaintiffs that the repairs would remedy the engine. (ECF No. 53 at 14.) However, Plaintiff Danny

Thomas testified that Smitty, a CRM representative, stated at one point in 2010,[2] "we'll throw parts on the [RV] until we get the problem fixed." (ECF No. 34-1 at 13.) This statement, coupled with CRM's repeated repair attempts over a period of years, not only indicates that CRM was willing to continue repairs on the RV, but that such repairs would ultimately be successful. Therefore, a reasonable jury could find that Defendant expressly or impliedly promised to fix the engine, and that Plaintiffs have satisfied the first prong of the repair doctrine for purposes of summary judgment.

Finally, Defendant argues that Plaintiffs did not reasonably rely on any representations of Defendant or its agents, as required by the repair doctrine's second prong. (ECF No. 53 at 16-17.) However, Plaintiffs continued to seek repairs of the RV over a period of years, which CRM willingly undertook. CRM eventually escalated the engine issue to Defendant, involved other repair facilities, and Defendant extended the original five-year warranty for two more years. (ECF No. 45-8 at 2.) Plaintiffs' claim that, "[i]t was our understanding that CRM repaired the [RV]" following CRM's final effort in January 2013, further indicates their actual reliance on Defendant's representations. (ECF No. 45-8 at 2.) Thus, a reasonable jury could find that Plaintiffs reasonably relied on Defendant's representations that the engine would be fixed, and that Plaintiffs have satisfied the second prong of the repair doctrine for purposes of summary judgment.

---

[2] Mr. Thomas testified that Plaintiffs purchased the RV sometime in September or October 2007. (ECF No. 34-1 at 2.) Plaintiffs assert that Smitty's representation that he would repair the RV was made anywhere from "August 25, 2010 through October 7, 2010." (ECF No. 45 at 3.) Therefore, Smitty's representation could conceivably have been made within the three-year statute of limitations period that began in the fall of 2007. Because Defendant put forth no evidence suggesting that this representation was made outside of the original three-year limitations period, the Court resolves this factual ambiguity in favor of Plaintiffs. *Houston*, 817 F.2d at 85.

The Court therefore finds that Plaintiffs have presented evidence from which a reasonable jury could find that the repair doctrine tolled the statute of limitations in this case until January 2013, when Defendant made its final repairs to the RV. Because this action was filed within three years of that date, the Court denies summary judgment on Defendant's claim that the statute of limitations bars this action.

**B.     Plaintiffs' Damages**

Plaintiffs seek consequential damages amounting to the purchase price of the RV, all interest that will accrue on the loan used for the purchase of the RV, and the cost of add-ons to the RV. (ECF No. 34 at 5.) In a breach of warranty action under the UCC, "[t]he measure of damages . . . is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted," plus consequential damages. Colo. Rev. Stat. § 4-2-714(2)-(3). The RV's engine was the only product manufactured and sold by Defendant. (ECF No. 34 at 9.) Defendant therefore asserts that Plaintiffs are limited to the difference between the value of the engine as accepted, and the value it would have had as warranted. (*Id*.) Although Defendant concedes that consequential damages are also recoverable in a breach of warranty case, it disputes that the damages Plaintiffs seek in this case constitute consequential damages. (ECF No. 53 at 9-10.)

Under general contract principles, "[d]irect damages refer to those which the party lost from the contract itself—in other words, the benefit of the bargain—while consequential damages refer to economic harm beyond the immediate scope of the contract." *Penncro Assoc., Inc. v. Sprint Spectrum, L.P.*, 499 F.3d 1151, 1156 (10th

Cir. 2007). The UCC defines consequential damages to include "any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and . . . [i]njury to person or property proximately resulting from any breach of warranty." Colo. Rev. Stat. § 4-2-715. Examples of consequential damages are lost profits, the cost of unsuccessful attempts to repair the goods at issue, and damage to person or property. White, Summers, & Hillman, Uniform Commercial Code § 11:10 (6th ed.).

The Court agrees with Defendant that the damages Plaintiffs claim in this case are not consequential. As stated above, Plaintiffs seek: (1) the entire purchase price of the RV, (2) the interest paid on the RV through the end of the note, and (3) various add-ons to the RV. (ECF No. 34 at 5.) Plaintiffs present no argument or evidence indicating that any of these damages were proximately caused by Defendant's breach of warranty.[3] Nothing in the record suggests that the defective engine caused Plaintiffs to buy the RV at the purchase price or at its rate of interest, or to purchase any of the add-ons to the RV. Rather, Plaintiffs would have incurred these costs regardless of whether Defendant ever breached its warranty. The Court therefore grants summary judgment on Defendant's claim that Plaintiffs' damages do not constitute consequential damages under the UCC.

---

[3] Plaintiffs rely on *Cooley v. Big Horn Harvestore Sys., Inc.*, 813 P.2d 736 (Colo. 1991) to support their position that the damages are consequential. (ECF No. 45 at 14.) However, that case speaks only to the general availability of consequential damages in a breach of warranty action, not that the damages listed above are in fact consequential in nature. *Cooley*, 813 P.2d at 745-48.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion for Summary Judgment (ECF No. 34) is GRANTED IN PART and DENIED IN PART;

2. The Motion is GRANTED as to Plaintiffs' claim for consequential damages as detailed in this Order; and

3. The Motion is DENIED in all other respects.

Dated this 18th day of February, 2015.

BY THE COURT:

_____
William J. Martínez
United States District Judge