**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2587-WJM-KMT

DANNY W. THOMAS, and
JACK THOMAS,

    Plaintiffs,

v.

CUMMINS ENGINE COMPANY, INC., a foreign corporation d/b/a CUMMINS, INC.,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR REVIEW OF
CLERK'S TAXING OF COSTS**

This matter is before the Court on Plaintiffs Danny W. Thomas and Jack Thomas's (jointly "Plaintiffs") Motion for Review of Clerk's Taxing of Costs.  (ECF No. 78.)  Defendant Cummins Engine Company ("Defendant") sent Plaintiffs an Offer of Judgment (ECF No. 72-1) which Plaintiffs accepted on May 13, 2015 (ECF No. 72). Judgment was entered in favor of Plaintiffs on May 14, 2015.  (ECF No. 73.)  On June 9, 2015, costs were taxed against Defendant in the amount of $6,386.51.  (ECF No. 77.) Plaintiff's Motion was filed on June 11, 2015.  (ECF No. 78.)  Defendant filed a Response on June 18, 2015 (ECF No. 79), and Plaintiffs filed a Reply on June 23, 2015 (ECF No. 80).  For the reasons set forth below, the Motion is granted.

## II.  BACKGROUND

Plaintiffs purchased a motor coach from Newmar Corporation in the fall of 2007 (ECF No. 34 at 3.)  Defendant manufactured the engine for the motor coach and

provided Plaintiffs with a warranty on the engine.  (*Id.*)  On January 16, 2013, Plaintiffs brought a breach of warranty claim against Defendant in Adams County District Court.  (ECF No. 1-1 at 1–3.)  In September of 2013, Defendant removed the case to this Court on diversity grounds.  (ECF No. 1.)  Plaintiffs are citizens of Colorado while Defendant is an Indiana corporation with its principal place of business in Indiana.  (*Id.* at 2.)  On July 19, 2014, Defendant brought a Motion for Summary Judgment arguing that Plaintiffs' claim was barred by the statute of limitations, or, in the alternative, that Plaintiffs' consequential damages should be limited under the UCC.  (ECF No. 34 at 2–3.)  The Court granted Defendant's Motion as far as it concerned Plaintiffs' consequential damages but denied the Motion in all other respects.  (ECF No. 70 at 9.)

After the Court's summary judgment ruling, Defendant made an Offer of Judgment to Plaintiffs, pursuant to Rule 68 of the Federal Rules of Civil Procedure.  (ECF No. 72-1.)  Plaintiffs accepted the offer (ECF No. 72), and on May 14, 2015, the Court entered judgment in favor of Plaintiffs in the amount of $25,000, exclusive of any and all costs, expenses, and attorneys' fees (ECF No. 73).  Plaintiffs submitted their Bill of Costs requesting $21,219.43.  (ECF No. 74.)  The Clerk of the Court taxed $6,386.51 in favor of Plaintiffs.  (ECF No. 77 at 1.)

Plaintiffs filed their Motion for Review of Clerk's Taxing of Costs ("Motion") on June 11, 2015.  (ECF No. 78.)  Plaintiffs seek a review of the Clerk of the Court's taxing of costs pursuant to Federal Rule of Civil procedure 54(d)(1) but only as to the denial of costs incident to the taking of depositions.  (ECF No. 78 at 2.)

### III.  ANALYSIS

Plaintiffs' Motion contends that the Clerk did not tax Plaintiffs' costs incident to

the taking of out-of-state depositions.  (ECF No. 78 at 3.)  Plaintiffs seek $4,787.92—in addition to the $6,386.51 awarded by the Clerk—for costs accrued over the course of two out-of-state ventures where Plaintiffs took the depositions of five individuals.  (*Id.*)  For these depositions, Plaintiffs' attorneys traveled to Indianapolis, Indiana and Grand Rapids, Michigan.  (*Id.*)  Specifically, the requested costs are $2,080.00 for round-trip plane tickets, $1,718.32 for overnight accommodations, $270.58 for transportation in each city, $129.79 for airport parking, $134.49 for meals, and $454.74 for delivery charges to ship documents to the locations of the depositions.  (*Id.* at 4.)

Rule (d)(1) states that prevailing parties in civil actions should be awarded costs—other than attorneys' fees—unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise.  Under federal law, 28 U.S.C. § 1920 defines the term "cost," as it is used in Rule 54.  *Crawford Fitting Co. v. J.T. Gibbons*, 482 U.S. 437, 441 (1987).  For a cost to be recoverable by the prevailing party under federal law, it must be listed under § 1920.  *See id.*  A federal court has discretionary authority to tax costs up to the limits of § 1920, but not beyond those limits.  *See id.* at 441–442, 445.  Costs incident to the taking of a deposition are not included in § 1920 as costs which may be taxed.  28 U.S.C. § 1920.  Therefore, Plaintiffs' costs incident to their out-of-state depositions are not recoverable under federal law.

On the other hand, Colorado state law defines costs more broadly.  *See, e.g.*, Colo. Rev. Stat. § 13-16-122; *Cherry Creek Sch. Dist. No. 5 v. Voelker by Voelker*, 859 P.2d 805, 812–13 (Colo. 1993).  Before the Court decides whether Plaintiffs' particular deposition costs may be taxed, the Court must determine whether it should apply Colorado state law to this case.

**A.     Should the Court Apply the Colorado State Definition of Costs?**

   1.     The Law of the Tenth Circuit

The Tenth Circuit has held that, in a diversity case, federal law controls the assessment of costs.  *Chaparral Res. Inc. v. Monsanto Co.*, 849 F.2d 1286, 1291–92 (10th Cir. 1988).  However, there is an exception to this rule.  According to the Tenth Circuit, federal courts are bound by the limitations of § 1920 unless there is an "explicit statutory . . . authorization" to the contrary.  *Id.* at 1292.  In *Chaparral*, the Tenth Circuit examined a Colorado state statute regarding expert witness expenses.  *Id.*  The statute provided for compensation of expert witnesses but did not specify whether such compensation was to be awarded as costs.  *Id.*  Because that state statute did not "explicitly authorize the assessment of expert witness fees as costs, the court was bound by the limitations set out in the federal costs statute."  *Id.* at 1293.

Although the statute examined in *Chaparral* did not fit the exception outlined in that same case, the Tenth Circuit later decided that Colorado Revised Statutes § 13-17-202(1)(a)(I) fits the exception as an "express statutory mandate"  *Garcia v. Wal-Mart Stores*, 209 F.3d 1170, 1178 (10th Cir. 2000).  That section specifies that if a defendant refuses a plaintiff's offer of settlement made more than ten days before trial, and at trial the plaintiff recovers an amount greater than the settlement offer, then "the plaintiff *shall* be awarded actual costs."  Colo. Rev. Stat. § 13-17-202(1)(a)(I) (emphasis added).  The imperative nature of the word "shall" made enforcement of the statute non-discretionary.  *Garcia*, 209 F.3d at 1178.

Because § 13-17-202(1)(a)(I) fits the *Chaparral* exception, it is not necessarily superseded by the federal law of costs, including § 1920.  Nevertheless, the federal

law—Rule 54(d)(1)—will still "trump a state cost shifting provision with which it conflicts." *Garcia*, 209 F.3d at 1177. However, Rule 54(d)(1) does not state whether a federal court should award litigation expenses other than those enumerated in § 1920. *Id.* Because costs under § 13-17-202(1)(a)(I) are not enumerated in § 1920, the Tenth Circuit held that Rule 54(d)(1) does not conflict with the granting of costs under § 13-17-202(1)(a)(I); and therefore those costs are not barred by federal law. *See id.*

After the Tenth Circuit held that costs under § 13-17-202(1)(a)(I) are not "barred" by federal law, the court performed an analysis under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) to determine whether or not it would ultimately apply that specific Colorado cost statute. *See Garcia*, 209 F.3d at 1177. The Tenth Circuit began its *Erie* analysis by noting that if it did not apply Colorado law, there would be a large discrepancy in the taxing of costs for similarly situated parties in state and federal court. *See id.* "That, in turn, could lead to forum-shopping and, by treating diverse parties in federal court differently than non-diverse parties in state court, could foster 'inequitable administration of the laws.'" *Id.* at 1177–78. Therefore, the court awarded actual costs under § 13-17-202(1)(a)(I). *Id.* at 1178.

2. Applying the Law of the Tenth Circuit to this Case

Defendant argues that the relevant Colorado costs statute—Colorado Revised Statutes § 13-16-122—does not amount to an explicit statutory authorization, meaning it does not fit the *Chaparral* exception. (ECF No. 78 at 2–3.) *See also Chaparral*, 849 F.2d at 1292. The statute says, "Whenever any court of this state assesses costs pursuant to any provision of this article, such costs *may* include . . ." and then follows with a list of items includable as costs. Colo. Rev. Stat. § 13-16-122 (emphasis added).

5

The word "may" signals that the statute is permissive rather than mandatory. However, § 13-16-122 is only used when other "provision[s] of this article" provide that costs are to be assessed. *Id.*

In our case, a judgment was entered in Plaintiffs' favor. (ECF No. 73.) Consequently, the relevant "provision of this article," *i.e.*, article 16, is § 13-16-104 which reads: "if any person sues in any court of this state in any action, real, personal, or mixed . . . and recovers any debt or damages in such action, then the plaintiff or demandant *shall* have judgment to recover against the defendant his costs to be taxed . . ." (emphasis added). As the Tenth Circuit found, the presence of the word "shall" plainly denotes an express statutory mandate. *Garcia*, 209 F.3d at 1178. Colorado courts have similarly interpreted § 13-16-104 as an explicit statutory authorization for Colorado courts to award costs to prevailing Plaintiffs. *See Parker v. USAA*, 216 P.3d 7, 14 (Colo. App. 2007) ("The award of costs to a prevailing plaintiff party pursuant to § 13-16-104 is mandatory."); *see also Paratransit Risk Retention Grp. Ins. Co. v. Kamins*, 160 P.3d 307, 321 (Colo. App. 2007) (holding that the trial court can rightfully disallow requested costs only where those costs are unreasonable).[1] Section 13-16-122's lack of mandatory language is immaterial because § 13-16-122 serves only to define a non-exclusive list of "costs" to be applied under the pertinent mandatory statute: § 13-16-104. *See Cherry Creek*, 859 P.2d at 813. Thus, § 13-16-104 is an

---

[1] Under Colorado law, trial courts maintain discretion over the amount of costs to be awarded under Colo. Rev. Stat. § 13-16-104. *Paratransit*, 160 P.3d at 321. Regardless, this type of discretion is not relevant for deciding whether § 13-16-104 is an "express statutory authorization" because the Tenth Circuit found that § 13-17-202(1)(a)(I) was an express statutory authorization, even though trial courts maintain the discretion to limit the amount of actual costs awarded under that statute. *Garcia*, 209 F.3d at 1178 n.7.

explicit statutory authorization to award all costs recoverable under § 13-16-122 which are not unreasonable. If a cost is recoverable under §§ 13-16-122 and 13-16-104, then it fits the *Chaparral* exception.

Even if Plaintiffs' costs incident to the taking of depositions are recoverable under §§ 13-16-122 and 13-16-104, the Court must analyze this case under the legal standards of *Garcia* to determine if Colorado state cost law should be applied. First, the Court finds that Fed. R. Civ. P. 54(d)(1) does not directly conflict with granting costs incident to the taking of depositions. *See Garcia*, 209 F.3d at 1177 (holding that awarding costs other than those enumerated in § 1920 is not barred by Rule 54(d)(1)). Second, the forum shopping concerns present in *Garcia* are also present in this case. If the Court refuses to apply Colorado state cost law, the difference in availability of costs incident to the taking of depositions could lead to forum-shopping and could foster inequitable administration of the laws. *See id.* at 1177–78. This is a particularly salient issue in this case, because Defendant removed the case from state to federal court. (ECF No. 1.) If the Court does not apply Colorado state cost law, Defendant will have used its choice of forum to avoid paying Plaintiffs for litigation costs that would have been awarded in state court.

In *Home Loan Investment Co. v. St. Paul Mercury Insurance Co.*, 78 F. Supp. 3d. 1307, 1320–23 (D. Colo. 2014), this Court applied *Garcia* in reaching the conclusion that it should follow Colorado state cost law in deciding whether to award costs incident to the taking of depositions. The Court in this case reaches the same conclusion by applying the standards of *Chaparral* and *Garcia*. The Court will apply Colorado state cost law to determine whether Plaintiff will be awarded costs incident to the taking of

depositions.

### B. Applying Colorado Law, Should the Court Award Plaintiffs Costs Incident to the Taking of Depositions?

Colo. Rev. Stat. § 13-16-122 provides that "[a]ny costs of taking depositions for the perpetuation of testimony" are recoverable. Plaintiffs do not provide evidence that these depositions were taken for the purposes of perpetuating testimony. Costs associated with depositions taken for discovery purposes are not explicitly listed in § 13-16-122. Nevertheless, Colorado law does not limit costs awarded under § 13-16-104 to those listed in § 13-16-122. *See Cherry Creek*, 859 P.2d at 813 ("[S]ection 13-16-122 is illustrative rather than exclusive."). Specifically, the Colorado Supreme Court held that "expenses incurred in taking *discovery depositions* [are] to be awarded as costs where the taking of the deposition and its general content were reasonably necessary for the development of the case in light of facts known to counsel at the time it was taken." *Id*. (emphasis added).

The Colorado Supreme Court does not define "reasonable necessity" in *Cherry Creek*, but it cites to exclusively federal rulings for the origin of this standard, including *Bruno v. Western Electric Co.*, 618 F. Supp. 398 (D. Colo. 1985), *aff'd in part, rev'd in part, and remanded on other grounds*, 829 F.2d 957 (10th Cir. 1987). *See Cherry Creek*, 859 P.2d at 813. In *Bruno*, this Court held that a deposition need not be used at trial in order to be considered "reasonably necessary." *Bruno*, 618 F. Supp. at 406. Although not cited in *Cherry Creek*, *U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1246 (10th Cir. 1988) held that "actual use" of deposition materials by counsel, in or out of trial, was one way to demonstrate that a deposition was necessary.

In *Home Loan*, this Court found that all of the plaintiff's depositions were reasonably necessary when they were cited to in either a summary judgment motion or response. *Home Loan*, 78 F. Supp. 3d at 1323. The Court even found that a deposition was reasonably necessary when a party merely "considered" calling the deposed witness at trial. *Id.*

In this case, Plaintiffs made use of two of the five out-of-state depositions by citing to them in their Response to Defendant's Motion for Summary Judgment. (ECF No. 45.) Plaintiffs cited to Eddy's deposition which was taken in Grand Rapids and to Chapman's deposition which was taken in Indianapolis. (ECF No. 45 at 4; ECF No. 45-7; ECF No. 45-9.) Additionally, Plaintiffs stated in their Motion that, at the time of the depositions, they anticipated that all five individuals would testify at trial. (ECF No. 78 at 3.) Plaintiffs citations and anticipated future use of these witnesses made the taking of discovery depositions reasonably necessary. Therefore, the expenses incurred in taking these depositions should be awarded as costs. *See Cherry Creek*, 859 P.2d at 813.

Finally, the Court must decide if the costs requested by Plaintiffs qualify as "expenses incurred" in taking depositions for the purposes of Colorado law. First, Plaintiffs request travel expenses for plane tickets, parking, lodging, meals, and additional transportation. (ECF No. 78 at 4.) In *Cherry Creek*, the Colorado Supreme Court upheld a trial court's award of over $20,000 in travel expenses incurred in order to take discovery depositions. *Cherry Creek,* 859 P.2d at 812–14. Applying Colorado state law, this Court granted Plaintiffs travel, mileage, parking, lodging and meal expenses incurred over the course of the entire litigation process, including the taking of

depositions. *Home Loan*, 78 F. Supp. 3d at 1323. Based on these rulings, Plaintiffs' costs for the plane tickets, accommodations, airport parking, meals, and additional transportation in each city qualify as "expenses incurred in the taking of discovery depositions" and should be awarded to Plaintiffs.

Plaintiffs also request costs for the delivery of materials used in their out-of-state depositions. (ECF No. 78 at 4.) In *Home Loan*, the court applied a specific test for delivery costs. *Id.* Such costs are recoverable if they are "not commingled with the general costs of conducting a law firm's business, they do not constitute overhead, and, in the court's discretion, [they] may be recovered." *Id.* (citing *Kennedy v. King Soopers Inc.*, 148 P.3d 385, 389 (Colo. App. 2006)). The court found that delivery costs met this standard when they were separately itemized and there was no evidence that the costs were normally billed as overhead. *Id.* Plaintiffs separately itemized the delivery fees of materials for the depositions and there is no evidence presented that these costs are normally billed as overhead. (ECF No. 74-2 at 3.) The Court finds that Plaintiffs' delivery fees meet the standard outlined in *Home Loan*, and the Court in its discretion awards Plaintiffs their delivery fees incident to the taking of depositions.

### IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Review of Clerk's Taxing of Costs (ECF No. 78) is GRANTED; and

2. Plaintiff's are AWARDED $4,787.92 in costs, in addition to the $6,386.51 previously awarded to them. (ECF No. 77).


Dated this 19th day of November, 2015.

BY THE COURT:

William J. Martínez
United States District Judge